STATE of Wisconsin, Plaintiff-Respondent,

v.

Eugene C. MILLER, Defendant-Appellant.

Court of Appeals

*No. 92-0291-CR. Submitted on briefs August 6, 1992.—Decided March 4, 1993.*

(Also reported in 499 N.W.2d 215.)

For the defendant-appellant the cause was submitted on the briefs of *Keith A. Findley,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the briefs of *James E. Doyle,* attorney general, and *Paul Lundsten,* assistant state public defender.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J.   The defendant, Eugene C. Miller, attacks a condition of his probation which prohibits him from telephoning any woman without permission of his probation officer. He claims that the condition does not relate to the offense for which he was convicted and is not reasonably related to his rehabilitation. He further claims that the condition violates his first amendment right of expression and association and is overly broad and vague. We conclude that the condition is reasonably related to Miller's rehabilitation and that the circuit court did not erroneously exercise its discretion when it imposed the condition. We further conclude that the condition is not legally erroneous. We therefore affirm the judgment of conviction and the order denying Miller's motion to modify the conditions of his probation.

Miller pled guilty to burglary and theft and judgment of conviction was entered. The presentence investigation report revealed that Miller had several convictions in 1988 and 1990 for harassing telephone calls to

207

women. The calls were sexual or pornographic in nature. The court placed Miller on probation and ordered that he "is not to make any calls to any female on the phone except family" without prior approval of his probation officer.[1] Miller claims that this condition is unreasonable and unconstitutionally overbroad and vague. We disagree.

Sentencing courts may impose "any conditions [of probation] which appear to be reasonable and appropriate." Section 973.09(1)(a), Stats. We review conditions of probation to determine whether they serve the objectives of probation: rehabilitation and protection of the state and community interest. *Huggett v. State*, 83 Wis. 2d 790, 797-98 n.5, 266 N.W.2d 403, 406 n.5 (1978). Whether a condition of probation violates defendant's constitutional rights is a question of law which we review without deferring to the circuit court. *Edwards v. State*, 74 Wis. 2d 79, 84-85, 246 N.W.2d 109, 111 (1976). The conditions of probation may impinge upon constitutional rights as long as they are not overly broad and are reasonably related to the defendant's rehabilitation. *Id.*

We first consider Miller's claim that the condition of probation is unreasonable because it does not relate to the offenses for which he was convicted and is not sufficiently related to his rehabilitation. We review this claim to determine whether the circuit court erroneously exercised its discretion.

Whether conditions of probation must relate to the offense for which the defendant is convicted appears to be a question of first impression in Wisconsin. Miller

---

[1] Miller construes the condition to apply to "women" although the judgment applies the condition to "any female." We accept Miller's construction of the condition in this respect.

cites the following decisions from other jurisdictions: *In re Mannino*, 14 Cal. App. 3d 953, 92 Cal. Rptr. 880 (1971) (probation conditions not adequately related to the offense of conviction were improper); *People v. Dominguez*, 256 Cal. App. 2d 623, 64 Cal. Rptr. 290 (1967) (probation condition prohibiting defendant from becoming pregnant while unmarried was improper because not related to her offense of robbery or to her future criminality); *Wiggins v. State*, 386 So.2d 46 (Fla. Dist. Ct. App. 1980) (condition prohibiting probationers convicted of uttering a forged instrument and burglary from engaging in sexual intercourse with individuals to whom they were not married was not reasonably related to probationers' criminal conduct); and *State v. Bubar*, 146 Vt. 398, 505 A.2d 1197 (1985) (condition prohibiting defendant convicted of sexual assault from being alone in the presence of any female person other than his wife was unreasonable). The state counters with decisions which have approved conditions of probation unrelated to the defendant's crime: *United States v. Showalter*, 933 F.2d 573 (7th Cir. 1991) (condition of probation which prohibited defendant from associating with skinheads and neo-Nazis was valid); *United States v. Gracia*, 755 F.2d 984 (2d Cir. 1985) (condition of probation valid which enjoined defendant convicted of criminal contempt from consorting with suspected or actual members of terrorist groups); *Yadyaser v. State*, 430 So. 2d 888 (Ala. Crim. App. 1983) (condition of probation which required Iranian national convicted of theft to present to court a one-way airline ticket to Iran or some other approved foreign destination was valid); and *Barlip v. Pennsylvania Bd. of Probation and Parole*, 45 Pa. Commw. 458, 405 A.2d 1338 (1979) (there need be no direct relation between crime and parole condition).

The state suggests that we should follow the California approach which permits conditions of probation which "require or forbid conduct that is reasonably related to future criminality." *People v. Bauer,* 211 Cal. App. 3d 937, 942, 260 Cal. Rptr. 62, 65 (1989). We need not go that far in this case. The presentence investigation report defines a very specific area of criminality in which Miller has recently been involved. While his past criminal conduct of making sexually explicit telephone calls to women is unrelated to the offenses for which he was convicted, Miller needs to be rehabilitated from that conduct. The condition that Miller not telephone any woman other than a family member is rationally related to Miller's need for rehabilitation. We conclude that the condition is "reasonable and appropriate." *State v. Heyn,* 155 Wis. 2d 621, 628-29, 456 N.W.2d 157, 161 (1990).

We next consider Miller's claim that the condition of probation imposed in this case unduly restricts his freedom of expression and his freedom of association, in violation of his first amendment rights. He concedes that simply because a condition of probation infringes on first amendment rights does not make the condition invalid. *See State v. J.E.B.,* 161 Wis. 2d 655, 469 N.W.2d 192 (Ct. App. 1991), *cert. denied,* 117 L. Ed. 2d 626 (1992) (first amendment activity linked to criminal conduct not protected).

Miller argues, however, that the condition imposed on him is too broad. He notes that the court could have imposed a condition that he not make unwelcome telephone calls to women to harass them or for his sexual gratification. He cites several cases from other jurisdictions in which a condition of probation impinging the

210

defendant's first amendment rights was held to be overbroad: *Porth v. Templar*, 453 F.2d 330 (10th Cir. 1971) (condition of probation prohibiting defendant from circulating material attacking income tax and federal reserve systems was overbroad); *People v. Pointer*, 151 Cal. App. 3d 1128, 199 Cal. Rptr. 357 (1984) (condition of probation prohibiting woman convicted of child endangerment from becoming pregnant was overbroad infringement on right to privacy); and *In re Mannino*, 14 Cal. App. 3d 953, 92 Cal. Rptr. 880 (1971) (condition of probation prohibiting defendant from joining protest organizations or advocating civil protest was overbroad).

Miller contends that where a condition of probation infringes on constitutional rights, the condition requires "special scrutiny." *United States v. Consuelo-Gonzalez*, 521 F.2d 259, 265 (9th Cir. 1975). "If available alternative means exist which are less restrictive of the constitutional right and are narrowly drawn so as to correlate more closely with the purposes contemplated, those alternatives should be used . . .." *In re White*, 97 Cal. App. 3d 141, 150, 158 Cal. Rptr. 562, 568 (1979). Miller argues that the condition imposed on his probation is so broad that he will violate it if he calls a business office, or even the police, and a woman answers. His examples are extreme and beyond the intent of the condition. The condition is violated only if Miller intends to make a call to an unrelated woman.

We reject Miller's argument that the "special scrutiny" called for where constitutional rights are implicated requires that the condition of probation be narrowly drawn to forbid him from calling a woman to harass her or for his sexual gratification. Such a condition would be superfluous because his conduct would be criminal and a violation of probation. Making a tele-

211

phone call to an unrelated woman a condition of probation was reasonable because it relieves the state of the burden in any revocation proceedings of showing Miller's intent in making the call.

The condition of probation may make it inconvenient in some circumstances for Miller to engage in social and business discourse, but the condition is no more than an inconvenience. He may speak face-to-face with unrelated women. His family and friends may place calls to unrelated women on his behalf. He may respond to calls initiated by women; the condition does not completely prohibit him from talking on the telephone with unrelated women. Moreover, Miller may freely correspond by letter with any individuals he needs to contact in order to conduct social or business discourse. Finally, if Miller's need to call an unrelated woman is compelling, he may seek permission from his probation officer. Miller argues however that there are no standards to guide the probation officer in granting or denying him permission to call a woman. He asserts that his first amendment rights may not be made vulnerable to the unbridled discretion of a public officer. A condition of probation is conceptually different from a police power regulation. It is sufficient for constitutional purposes that a criminal defendant has judicial protection from the arbitrary administration of a condition of probation.

Finally, we consider Miller's claim that the condition of probation is impermissibly vague. "[T]he defendant is entitled to know what conduct is forbidden before the initiation of a probation revocation proceeding." *State v. Bubar*, 146 Vt. at 405, 505 A.2d at 1201. The vagueness in the condition of probation lies in Miller's strained reading of the condition. Given a com-

mon sense reading, the condition sufficiently informs Miller how he shall conform his conduct.

We conclude that the condition of probation conforms to the American Bar Association *Standards Relating to Probation,* adopted and approved by the Wisconsin Supreme Court in *Huggett,* 83 Wis. 2d at 796, 266 N.W.2d at 406:

> Conditions imposed by the court should be designed to assist the probationer in leading a law-abiding life. They should be reasonably related to his rehabilitation and not unduly restrictive of his liberty or incompatible with his freedom of religion. They should not be so vague or ambiguous as to give no real guidance.

American Bar Association, *Standards Relating to Probation,* sec. 3.2(b), at 44 (Approved Draft 1970).

*By the Court.*—Judgment and order affirmed.