STATE of Wisconsin, Plaintiff-Respondent,

v.

Frances NIENHARDT, Defendant-Appellant.†

Court of Appeals

*No. 94–3051–CR. Submitted on briefs June 1, 1995.—Decided
July 26, 1995.*

(Also reported in 537 N.W.2d 123.)

†Petition to review denied.

161

On behalf of the defendant-appellant, the cause was submitted on the brief of *Marjorie A. Wendt* of *Schwei & Wendt, S.C.* of Brookfield.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Jeffrey A. Sisley*, assistant district attorney.

Before Anderson, P.J., Brown and Snyder, JJ.

SNYDER, J.   Frances Nienhardt appeals from a judgment convicting her of nine counts of telephone harassment. Nienhardt argues that the trial court erred when it failed to strike a prospective juror for cause and failed to grant a mistrial after the juror revealed in front of the jury panel during voir dire that she saw Nienhardt and her attorney arguing outside of the courtroom. Nienhardt also challenges a condition of her sentence that requires her to stay out of the city of Cedarburg during the duration of her probation. We affirm the judgment because the trial court did not

erroneously exercise its discretion with respect to impaneling the jury or the conditions of probation.

Nienhardt was charged with ten counts of unlawful use of a telephone contrary to § 947.012(1), STATS., as a result of harassing telephone calls she made to Judith Kilmer. During voir dire, one of the prospective jurors indicated that she had seen the defendant with her attorney earlier in the day and observed that the attorney was "yelling" at Nienhardt. Out of the presence of the jury, Nienhardt's counsel then requested that the juror be dismissed for cause. The trial court denied the request based on the fact that the juror had previously indicated that she could decide the issues in a fair and impartial manner.

Nienhardt's attorney then asked the entire jury panel: "We heard what [the juror] has said. Has anybody any opinion in this case based on what you were told right now whatsoever?" There was no response from any juror. Nienhardt's attorney subsequently moved for a mistrial on the grounds that the juror's statement prejudiced the entire jury panel and requested a new jury panel. The trial court denied the motion.

Nienhardt was subsequently found guilty on nine of the ten counts. At sentencing, evidence was presented that showed Nienhardt had engaged in a persistent pattern of harassing phone calls in addition to those she was convicted of and that she had been seen on several occasions near Kilmer's residence in Cedarburg either spying on Kilmer or following her. The trial court sentenced Nienhardt to sixty days in jail, concurrent on each count. However, the court stayed the sentence and placed her on probation. As a condition of probation, the trial court ordered that she

not have any contact with Kilmer and that she stay out of Cedarburg.

On appeal, Nienhardt first argues that the trial court erred when it failed to strike the juror and grant a mistrial. She contends that the juror's comment "gave every juror the mental picture of defense counsel yelling at his client." According to Nienhardt, this translates into bias because "[t]heir inability to get along a scant few minutes before the trial . . . creates an impression in anyone's mind that something was amiss in their legal relationship and . . . that the counsel is angry with the defendant's position in the matter." We disagree.

Whether a prospective juror is biased and should be dismissed for cause is committed to the sound discretion of the trial court. *Nyberg v. State*, 75 Wis. 2d 400, 405, 249 N.W.2d 524, 526 (1977). Likewise, the denial of a motion for mistrial will not be reversed absent an erroneous exercise of discretion. *See State v. Grady*, 93 Wis. 2d 1, 13, 286 N.W.2d 607, 612 (Ct. App. 1979). In making its determination the trial court must decide, in light of the entire facts and circumstances, whether the claimed error is sufficiently prejudicial to warrant a mistrial. *Id*.

We conclude that the trial court properly exercised its discretion in not striking the juror who made the objectionable comment and not granting a mistrial. The court considered the juror's observation of defense counsel but also recognized that she indicated that she could fairly and impartially decide the issues in the case. The court apparently believed her response was credible and that she could be impartial. We will not overturn that determination. Further, immediately

after the juror's objectionable comment, defense counsel asked all of the jurors whether any had formed an opinion based on what the juror said. No prospective juror responded affirmatively. Accordingly, we are unconvinced that Nienhardt was prejudiced or denied the right to an impartial jury.

Nienhardt also challenges the condition of probation requiring that she stay out of Cedarburg during her period of probation. Sentencing courts have wide discretion and may impose any conditions of probation which appear to be reasonable and appropriate. Section 973.09(1)(a), STATS. We review conditions of probation to determine their validity and reasonableness measured by how well they serve the objectives of probation: rehabilitation and protection of the state and community interest. *State v. Reagles*, 177 Wis. 2d 168, 172, 501 N.W.2d 861, 863 (Ct. App. 1993).

Nienhardt first argues that the condition restricting her from being present in Cedarburg is not sufficiently related to the underlying convictions, which were based on telephone calls to one particular resident of Cedarburg. We review such a claim to determine whether the trial court erroneously exercised its discretion. *See State v. Miller*, 175 Wis. 2d 204, 208, 499 N.W.2d 215, 216 (Ct. App. 1993).

Like the *Miller* court, we do not deem it necessary to specifically address the issue of whether conditions of probation must relate to the offense for which the defendant is convicted. *See id.* at 208-10, 499 N.W.2d at 216-17. The evidence presented at sentencing indicates that Nienhardt has repeatedly been seen by Kilmer and law enforcement personnel near Kilmer's resi-

dence, in effect, stalking her. Although Nienhardt was convicted of making harassing telephone calls and not physically stalking Kilmer, Nienhardt needs to be rehabilitated from such conduct. The requirement that she not be in Cedarburg will aid in this rehabilitation because it will remove her from the temptation of stalking Kilmer in the future. Further, the condition serves to protect Kilmer and the public in general from Nienhardt's continued stalking. Accordingly, we conclude that the condition is "reasonable and appropriate." *See id.* at 210, 499 N.W.2d at 217.

Nienhardt also contends that the condition of probation restricting her presence in Cedarburg unduly restricts her liberty and affects her ability to travel within Cedarburg for legitimate purposes. We interpret these arguments as speaking to the question of whether the condition infringes on certain constitutional rights, although Nienhardt does not specifically argue as such. Further, Nienhardt fails to cite to any legal authority in support of these veiled constitutional arguments. We do not decide the validity of constitutional claims that are broadly stated but not specifically argued, *State v. Scherreiks*, 153 Wis. 2d 510, 520, 451 N.W.2d 759, 763 (Ct. App. 1989), or arguments unsupported by references to legal authority, *State v. Shaffer*, 96 Wis. 2d 531, 545-46, 292 N.W.2d 370, 378 (Ct. App. 1980).

Although we do not specifically address Nienhardt's constitutional claims, we note that even if certain constitutional rights are implicated by the condition, probation conditions may impinge upon such rights if they are not overly broad and are reasonably related to the person's rehabilitation. *Von Arx v.*

*Schwarz*, 185 Wis. 2d 645, 658, 517 N.W.2d 540, 545 (Ct. App. 1994). We have already concluded that the condition is reasonably related to Nienhardt's rehabilitation. In addition to her undeveloped constitutional arguments, Nienhardt also argues that the condition is overbroad. For example, Nienhardt argues that under the condition she could not even travel through Cedarburg for the purpose of getting to a city on the other side or to frequent businesses in Cedarburg not near Kilmer's residence.

We conclude that while the condition may make it inconvenient in some circumstances for Nienhardt given that she may have to shop elsewhere or slightly alter her travel around Cedarburg, we think the condition is no more than an inconvenience. *See Miller*, 175 Wis. 2d at 212, 499 N.W.2d at 218. The trial court specifically asked Nienhardt if there was any reason why she needed to be in Cedarburg, and the only response was that Nienhardt bought cigarettes there. We agree with the trial court that the desire to purchase cigarettes in Cedarburg is hardly compelling. Further, the record indicates that Nienhardt resides in Brown Deer, approximately six to ten miles from Cedarburg, and there is no evidence that the condition would deny her access to any goods or services.

Last, Nienhardt argues that the trial court did not properly exercise its discretion because it did not adequately explain the reasons why it imposed the restriction. We disagree. After hearing the evidence of Nienhardt's stalking in Cedarburg, the trial court found that "there is no legitimate purpose, other than the purchase of cigarettes which the court does not find to be legitimate, . . . for the defendant to be in the City

of Cedarburg . . . ." In making its determination, the court stated that it had considered the gravity of the offense, Nienhardt's character, and the need to protect the public and the victim. We see no misuse of discretion.

In sum, given the record before us and the facts of this particular case, we conclude that the condition of probation restricting Nienhardt from the city of Cedarburg is designed to assist her in leading a law-abiding life, is reasonably related to her rehabilitation and is not unduly restrictive of her liberty. *See Miller*, 175 Wis. 2d at 213, 499 N.W.2d at 218.

*By the Court.*—Judgment affirmed.