STATE of Wisconsin, Plaintiff-Respondent,

v.

David W. OAKLEY, Defendant-Appellant.†

Court of Appeals

*No. 98–1099–CR. Submitted on briefs March 8, 1999.—Decided April 21, 1999.*

(Also reported in 594 N.W.2d 827.)

†Petition to review granted.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Timothy T. Kay* of *Kay & Kay Law Firm* of Brookfield.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Daniel J. O'Brien,* assistant attorney general.

Before Snyder, P.J., Brown and Ziegler,[1] JJ.

BROWN, J.   David W. Oakley was fined in 1989 after pleading no contest to operating after revocation. Then, in 1993, he was fined after he failed to appear for sentencing for disorderly conduct. Except for two minimal payments, he still owes these fines. In an October 20, 1997 sentencing for intimidation of a witness, the trial court made payment of these outstanding fines a condition of probation. Oakley argues that the fines have nothing to do with the witness intimidation, and therefore this condition is impermissible. We disagree. The relevant question is not whether the condition is related to the offense for which it is imposed, but whether the condition serves to rehabilitate the offender or protect the public. Here, Oakley has made only a minimal effort to pay the fines, even though they were imposed years ago. This blatant disregard for the necessity of paying the fines and the witness intimidation both demonstrate defiance of the court and our judicial system. Requiring Oakley to pay the fines will foster in him the realization that court orders and proceedings are not to be disrespected. Thus, payment of overdue fines serves Oakley's rehabilitation, and therefore was a reasonable and appropriate condition of probation in this case. We affirm.

---

[1] Circuit Judge Annette K. Ziegler is sitting by special assignment pursuant to the Judicial Exchange Program.

The trial court has broad discretion in fashioning conditions of probation. *See State v. Heyn*, 155 Wis. 2d 621, 627, 456 N.W.2d 157, 160 (1990). We uphold conditions of probation when the court has properly exercised its discretion in setting conditions that are reasonable and appropriate. *See* § 973.09(1)(a), STATS.; *State v. Beiersdorf*, 208 Wis. 2d 492, 502, 561 N.W.2d 749, 754 (Ct. App. 1997). Whether a condition is reasonable and appropriate depends on whether it serves the dual goals of probation: rehabilitation of the offender and protection of the community. *See Beiersdorf*, 208 Wis. 2d at 502, 561 N.W.2d at 754.

Oakley argues that the payment of the outstanding fines was an unreasonable and inappropriate condition of probation because the fines were imposed for violations unrelated to this conviction. We reject this argument. A condition of probation need not be related to the crime of conviction. For example, in *State v. Miller*, 175 Wis. 2d 204, 207–08, 499 N.W.2d 215, 216 (Ct. App. 1993), the defendant was placed on probation after his guilty plea to burglary and theft. A condition of probation was that he not call any woman on the phone without permission from his probation officer, unless the woman was a relative. *See id.* at 208, 499 N.W.2d at 216. Rather than focus on the lack of relationship between Miller's phone habits and the burglary, this court looked to the rehabilitative goal of probation. *See id.* at 208–210, 499 N.W.2d at 216–17. "While his past criminal conduct of making sexually explicit telephone calls to women is unrelated to the offenses for which he was convicted, Miller needs to be rehabilitated from that conduct. The condition that Miller not telephone any woman other than a family

member is rationally related to Miller's need for reha-
bilitation." *Id.* at 210, 499 N.W.2d at 217. Thus, the
crucial question is not whether the condition is related
to the offense, but whether it is related to rehabilita-
tion. *See id.*

Here, the repayment condition is related to
Oakley's need for rehabilitation. Oakley's fines for
operating after revocation and disorderly conduct have
been outstanding for nine and five years, respectively.
Oakley has made virtually no effort to pay them—the
record contains evidence of only two fifty-dollar pay-
ments made in 1989. Now Oakley has intimidated two
witnesses in his child abuse case, one of whom was the
victim. The refusal to pay the fines and the victim
intimidation both show Oakley's cavalier attitude
toward the justice system. Rehabilitation from this dis-
dainful attitude is what the trial court was addressing
when it imposed the repayment condition. Oakley
needs to be rehabilitated from his perception that one
may flout valid court orders and the judicial process
with impunity and suffer no real consequence. Because
the repayment condition was related to Oakley's reha-
bilitation, it was reasonable and appropriate and we
will not set it aside.

Oakley also argues that the court acted beyond its
authority in imposing payment of fines as a condition of
probation because other statutory sections supply the
remedy for nonpayment of fines and forfeitures. *See*
§ 66.12(1), STATS. (collection of forfeitures); § 973.07,
STATS. (failure to pay fine may result in commitment to
county jail not to exceed six months). By subjecting him
to potential prison time for failure to pay, Oakley
argues, the trial court is turning a civil forfeiture into a
crime. *See* § 939.12, STATS.; *State v. Thierfelder*, 174
Wis. 2d 213, 221–22, 495 N.W.2d 669, 673 (1993) (dis-

tinguishing between conduct punishable by imprisonment, which is criminal, and conduct punishable only by forfeiture, which is not). We are not persuaded.

A similar argument was raised in *Heyn*. There, Heyn was convicted of burglary. As a condition of probation, the trial court ordered Heyn to pay the victims of the burglary the cost of a burglar alarm they had installed after the burglary. *See Heyn*, 155 Wis. 2d at 625, 456 N.W.2d at 159. Heyn argued that this was impermissible, as this type of cost was not taxable to the defendant under the restitution statute. *See id.* at 627, 456 N.W.2d at 160; § 973.09(1)(b), STATS. Heyn's view was that the restitution statute was the exclusive vehicle for requiring a defendant to reimburse his or her victims. Thus, the theory went, no costs to the victims could be imposed unless they fit within the restitution statute. The supreme court agreed with the State that "the restitution provisions of sec. 973.09(1)(b), Stats., do not restrict the broad authority of the circuit court to condition probation on the satisfaction of any requirement which is reasonable and appropriate." *Heyn*, 155 Wis. 2d at 629, 456 N.W.2d at 160. Therefore, the existence of a separate restitution provision did not limit the court's ability to require Heyn to reimburse his victims as a condition of probation.

Here, as in *Heyn*, the existence of other statutes providing for the collection of fines did not preclude the trial court from imposing payment of those fines as a condition of probation. Sections 973.07 and 66.12(1), STATS., are meant to give the courts a mechanism to coerce the payment of fines. The trial court here did not

order payment as a probation condition because it was concerned with collection of the fines; the trial court wanted to change Oakley's contemptuous attitude toward the court system. The court, rather than acting as a collection agency, saw an opportunity to drive home the rehabilitative message that Oakley must heed court orders and respect the judicial system. That the condition involved payment of fines, fines which could have been collected by other means, is only peripherally relevant. We affirm Oakley's conviction and the trial court's order declining to strike the payment of outstanding fines as a condition of probation.

*By the Court.*—Judgment and order affirmed.

SNYDER, P.J. *(dissenting).* My colleagues conclude that imposing Oakley's old, unpaid fines as a condition of his newly-ordered probation is "reasonable and appropriate" under § 973.09(1), STATS. I respectfully disagree. Because the payment of the fines can only be enforced through the existing § 973.07, STATS., sanctions, and because a condition of probation must be enforceable through probation sanctions in order to be rehabilitative, the unpaid fine condition is not reasonable or appropriate.

On April 19, 1989, Oakley was convicted of operating after revocation and fined a total of $2517 to be paid in sixty days. In the alternative, his driver's license could be suspended for five years and/or 200 days jail imposed under § 973.07, STATS. Oakley was fined $185.80 for disorderly conduct on May 19, 1993, to be paid in twenty-five days or his driver's license would be suspended for five years. Oakley has paid a total of $100 against the fines. The unpaid balance is the basis of the October 20, 1997 condition of probation imposed

on Oakley during his sentencing for the unrelated crime of intimidating a witness.

At sentencing, the trial court placed Oakley on probation for three years and admonished him:

> If you botch up your probation, you . . . get your probation taken away. That's what the probation department will do. They will revoke your probation, and then they will send you back to see me. I will not be happy to see you, Mr. Oakley, because your probation is your second and last chance.
>
> If you come back in here with unsuccessful probation, I am probably going to give you the maximum amount of time available to me under the law, which is ten years in prison. So, if you are inclined, while on probation, to think about screwing off in regard to your obligations, keep in mind that I will be seeing you again, and then you are going to go right from here, right up to prison. That's not what you want to do.

The trial court then told Oakley, "[Y]ou also have some fines that you owe to the county of Sheboygan totaling $2,602.80. I will make the repayment of that also a specific condition of your probation." Oakley would face a prison term of up to ten years if he violated the probation obligation and subsequently had his probation revoked.

In spite of imposing the fine repayment as a condition of probation, the trial court acknowledged the existing § 973.07, STATS., jail sanctions[1] for nonpayment of the fines:

---

[1] The statutorily-created sanctions under § 973.07, STATS., for failure to pay imposed fines are discussed in *State v. Schuman,* 173 Wis. 2d 743, 748, 496 N.W.2d 684, 686–87 (Ct. App. 1993):

[T]he alternative for Mr. Oakley [not paying the fines during his probation] is I will have him committed to the county jail for 96 days, and unless he coughs up the money. We have chosen not to do that. If that would be Mr. Oakley's preference to serve 96 days in the county jail and still owe us the money, that can be arranged.[2]

. . . .

[I]t benefits Mr. Oakley to get this matter cleaned up, because if not, he will be incarcerated in the county jail, which is not beneficial to Mr. Oakley.

Assuming that Oakley complies with all of his probation conditions except that of paying the prior fines, he still violates his probation. If Oakley violates his probation, the sanction is revocation.[3] Revocation of his probation exposes Oakley to a prison term rather than to the previously imposed § 973.07, STATS., jail alternative for nonpayment of the prior fines. Substituting a new prison alternative for a jail alternative established under a prior judgment is neither reasonable nor appropriate. Because imposing a prison term

[O]ur supreme court stated in [State ex rel. Pedersen v. Blessinger, 56 Wis. 2d 286, 290, 201 N.W.2d 778, 781 (1972)], "We do have in sec. 973.07, Stats., a six months' limitation on the enforcement method of collection of a fine by imprisonment, supposedly on the ground of public policy that if six months' incarceration will not induce payment, a longer period [of time] will be fruitless." After a defendant has served six months in jail for failure to pay a fine, the state must use other methods, such as civil collection, to collect the fine.

[2] The trial court's calculation of a ninety-six day jail commitment is not explained in the record.

[3] Oakley could have the length of his probation extended. Extension of Oakley's probation based solely on his failure to comply with the unpaid fine condition suffers from the same infirmities as does its revocation.

for Oakley's past or future failure to pay the unrelated[4] fines is not reasonable or appropriate, the probation condition is not reasonable or appropriate. A probation condition that cannot be enforced through imposing probation sanctions can only serve to weaken and frustrate the goals of probation, including rehabilitation, and would add an extraneous clerical duty to an already overburdened probation agency.

In sum, § 973.09(1)(a), STATS., requires that conditions of probation be "reasonable and appropriate." Imposing a probation condition that, if violated, expands a statutorily-limited jail term to a prison sentence of up to ten years is neither reasonable nor appropriate. The trial court does not need a probation order to enforce the § 973.07, STATS., sanctions. The unpaid fine condition of Oakley's probation serves only to protect him another three years from suffering the long overdue jail consequences for his past failures. The unpaid fine condition is not reasonable or appropriate for Oakley's probation and should be struck from the order. Sheboygan county can collect Oakley's old fines and enforce Oakley's old judgments in the manner legislatively approved and intended, through the existing § 973.07 alternative sanctions.

---

[4] Section 973.05(2), STATS., addresses fines related to the conviction being made a condition of probation. "When a defendant *is sentenced to pay a fine and is also placed on probation,* the court may make the payment of the fine . . . a condition of probation." (Emphasis added.) Oakley was neither "sentenced to pay a fine" arising out of the conviction that resulted in his probation nor was he placed on probation when the unpaid fines were originally imposed.