STATE of Wisconsin, Plaintiff-Respondent,

v.

Carl SIMONETTO, Defendant-Appellant.†

Court of Appeals

*No. 99–0486–CR. Submitted on briefs October 22, 1999.—Decided December 15, 1999.*

## 2000 WI App 17

(Also reported in 606 N.W.2d 275.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Christopher L. Hartley* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Gregory M. Posner-Weber*, assistant attorney general.

Before Brown, P.J., Nettesheim and Anderson, JJ.

¶ 1.  BROWN, P.J.   Carl Simonetto, who was convicted of possessing child pornography, challenges a condition of probation that he not "go where children may congregate" as being vague and overly broad. We disagree. The circuit court, at the hearing on Simonetto's motion for postconviction relief, sufficiently spelled out the contours of the prohibition. We do agree with Simonetto, however, that it was error for the circuit court to hold open restitution for more than ninety days for the State to identify the victims. We affirm those parts of the judgment and the order concerning the condition that Simonetto not frequent areas where children congregate but reverse those parts holding restitution open.

¶ 2.   The facts are brief and not in dispute. The police executed a search warrant at Simonetto's residence and seized videotapes and Simonetto's computer. The videotapes depicted children engaged in sexual acts and the computer's files contained pornographic images of children. The search warrant had been issued based on information obtained from a United States Postal Inspection Service investigation. Simonetto was charged with fifteen counts of possession of child pornography, contrary to § 948.12, STATS., and pled no contest.

¶ 3.   The circuit court imposed and stayed sentence and placed Simonetto on probation for sixteen years. One of the conditions of probation was "not to go where children may congregate." Simonetto challenged this condition in a motion for postconviction relief, which the circuit court denied. At the hearing, the circuit court rejected Simonetto's argument that the condition was overly broad and vague, stating that "if

317

[Simonetto] doesn't understand . . . the meaning of the court's judgment and rules of probation . . . he can have reference to the rules as promulgated by the department." Specifically, the circuit court referred to a standard condition of sex offender supervision promulgated by the Department of Corrections (DOC). That standard reads: "You shall not enter into any area frequented by persons under age 18, including, but not limited to, schools, day care centers, playgrounds, parks, beaches, pools, shopping malls, theaters, or festivals without prior approval from you[r] agent." Further, the circuit court refused to modify the condition that held restitution open. Simonetto renews both arguments on appeal and we address them in turn.

¶ 4.　Simonetto claims that the condition "not to go where children may congregate" is neither reasonable nor appropriate under § 973.09, STATS., and that it violates his constitutional right of association and right to travel. Before addressing each prong of this argument, we take care of a threshold issue. Simonetto's brief-in-chief discusses only the condition as it is worded on the judgment of conviction. The State's response addresses the condition as clarified at the postconviction hearing by reference to the DOC condition. In his reply, Simonetto states, "[T]he condition set forth in [the DOC document] is not the condition of probation ordered by the circuit court. Furthermore, the circuit court at the post-conviction hearing never modified the condition listed in the judgment of conviction to reflect the language in [the DOC document]." But, what Simonetto fails to recognize is that the circuit court's clarification need not be reduced to writing to be effective. While we do not see the circuit court's written condition of probation as in conflict with its oral clarification of that condition, were there a conflict

the oral pronouncement would control. *See State v. Perry*, 136 Wis. 2d 92, 113, 401 N.W.2d 748, 757 (1987). Thus, we are free to examine both the written condition and the oral clarification in our analysis.[1]

¶ 5.   We now turn to Simonetto's claim that the circuit court's condition was neither reasonable nor appropriate and thus was in violation of § 973.09(1)(a), STATS. He argues that the condition not only restricts his contact with children but also with adults, as "any public place is a place where children 'may congregate.' " This renders it overly broad, says Simonetto. Furthermore, he urges, the condition is "not reasonably related to the need to protect the public or the objective of rehabilitation" because Simonetto "was neither charged with nor convicted of conduct involving physical contact with children."

¶ 6.   First, we note that it is within the broad discretion of the circuit court to fashion appropriate conditions of probation in each individual case, *see State v. Nienhardt*, 196 Wis. 2d 161, 167, 537 N.W.2d 123, 125 (Ct. App. 1995), as long as those conditions "appear to be reasonable and appropriate," § 973.09(1)(a), STATS. On review, we test the validity of conditions of probation by how well they serve the dual goals of probation: rehabilitation and protection of the

---

[1] The State also argues, as a threshold issue, that the case is not ripe because Simonetto has not shown how he has been harmed by the restriction. *See State v. Armstead*, 220 Wis. 2d 626, 628, 583 N.W.2d 444, 446 (Ct. App. 1998), *review denied*, 224 Wis. 2d 264, 590 N.W.2d 490 (1999) (court of appeals will not decide issues based on hypothetical or future facts). We think a probationer is entitled to know in advance the reach of a condition so that he or she may regulate his or her conduct accordingly. We address the merits.

community. *See Nienhardt,* 196 Wis. 2d at 167, 537 N.W.2d at 125.

¶ 7.   The condition that Simonetto not go to areas where children routinely congregate is eminently reasonable and necessary. Simonetto's collection of child pornography was extensive and extremely graphic. Simonetto corresponded via computer with teenage boys for purposes of sexual arousal. Two psychotherapists familiar with his case testified without contradiction that he is a pedophile and a nascent child molester. Simonetto's sex therapist testified that Simonetto himself "doesn't deny that eventually it would have led to that [actual sexual contact]." Simonetto is not someone who should be hanging around parks, malls and beaches. In lieu of prison, he must restrict himself to areas where children do not congregate. This condition is necessary to protect the community and may even help Simonetto overcome his problem by removing what to him is obviously a stimulus.

¶ 8.   Simonetto next argues that the condition that he not go where children congregate "violates the defendant's constitutional right of freedom of association and right to travel." But Simonetto is a convicted felon: his conditions of probation "may impinge upon constitutional rights as long as they are not overly broad and are reasonably related to [his] rehabilitation." *Edwards v. State,* 74 Wis. 2d 79, 84–85, 246 N.W.2d 109, 111 (1976). As noted above, Simonetto's absence from places where children congregate will separate him from the physical temptation posed to him by children. The condition prevents him from getting himself into situations that may lead to further

criminal conduct. And the condition, as clarified by the circuit court, is not overly broad. Simonetto is not prevented from ever going anywhere where a child might be. Rather, he may not go at will to those areas where common sense tells us that children are likely to gather. The court's list—schools, day care centers, playgrounds, parks, beaches, pools, shopping malls, theaters and festivals—while not exhaustive, was certainly extensive enough to give Simonetto a clear idea of where he could not go. And should he wish to go to one of the listed locations, he can—he just has to get prior approval from his agent. This condition is not overly broad.

¶ 9.   Before moving on to Simonetto's last issue, we pause to comment that probation is a privilege extended to a convict by the grace of the state. *See State v. Evans*, 77 Wis. 2d 225, 230, 252 N.W.2d 664, 666 (1977). It is not a right. *See id.* Simonetto could be in prison; instead, the court chose to grant him conditional liberty. He should consider himself fortunate.

¶ 10.   Simonetto's last argument concerns the circuit court's condition that restitution be held open in case the postal inspector identifies some of the victims. The State acknowledges that this was error. Section 973.20(13)(c), STATS., creates a ninety-day maximum hold-open period for entry of restitution after a sentence is imposed. *See State v. Handley*, 173 Wis. 2d 838, 843–44, 496 N.W.2d 725, 728 (Ct. App. 1993). We thus reverse that part of the judgment that leaves restitution open.[2]

---

[2] The State suggests that we "remand the case with directions to consider whether requiring Simonetto to provide for medical and/or mental health care for his victims constitutes a reasonable and appropriate condition of probation." In support

*By the Court.*—Judgment and order affirmed in part; reversed in part.

of this argument, the State relies on *State v. Beiersdorf*, 208 Wis. 2d 492, 561 N.W.2d 749 (Ct. App. 1997), in which we upheld imposing as a condition of probation the cost of DNA testing to determine paternity of the sexual assault victim's unborn child. *See id.* at 502–03, 561 N.W.2d at 754. This reliance is misplaced. In *Beiersdorf* there was an identified victim, here there is not. That is the reason the circuit court held restitution open—we do not now know who Simonetto's victims are. We fail to understand how *Beiersdorf* helps the State overcome this fact. Nor do we see how the State's theory addresses the § 973.20(13)(c), Stats., ninety-day maximum hold-open period for entry of restitution.