775 So.2d 415 (2001)
Tross BRITT, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-3416.
District Court of Appeal of Florida, First District.
January 5, 2001.
*416 Nancy A. Daniels, Public Defender; Phil Patterson, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Lori D. Stith, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, J.
In this direct criminal appeal, appellant raises two issues: (1) whether the trial court committed fundamental error when it imposed conditions of community control in its written order that were not orally pronounced; and (2) whether conditions of community control prohibiting him from living near or working at a "school, day-care center, park, playground, or other place where children regularly congregate" are unconstitutionally vague and, therefore, void. We affirm.
Appellant did not raise the first issue in the trial court. Therefore, it has not been preserved. It does not constitute fundamental error, which may be raised for the first time on appeal. E.g., Maddox v. State, 760 So.2d 89, 104-05 (Fla.2000); Klarich v. State, 730 So.2d 419 (Fla. 5th DCA 1999), approved, 760 So.2d 150 (Fla. 2000). Accordingly, we will not address the merits of the issue challenging the inclusion in the written order of certain conditions of community control that were not orally pronounced.
Appellant next challenges as unconstitutionally vague two conditions of community control. The first prohibited appellant from doing "volunteer work, employment, or community activity at any school, daycare center, park, playground, or other place where children regularly congregate"; and the second prohibited appellant from "liv[ing] within 1,000 feet of a school, daycare center, park, playground, or other place where children regularly congregate." Both conditions of supervision are now mandatory for individuals convicted of sexual battery upon a minor and other similar offenses, as was appellant. § 948.03(5)(a)2 & 6, Fla. Stat. (Supp. 1998). According to appellant, impermissible vagueness is created by the phrase "or *417 other place where children regularly congregate." We disagree.
"The standard for testing vagueness under Florida law is whether the statute gives a person of ordinary intelligence fair notice of what constitutes forbidden conduct." Brown v. State, 629 So.2d 841, 842 (Fla.1994) (citing Papachristou v. City of Jacksonville, 405 U.S. 156, 162, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972)). The state contends that the doctrine of ejusdem generis requires that the phrase "or other place where children regularly congregate" be read in conjunction with the enumeration of specific places identified, i.e., schools, daycare centers, parks and playgrounds. See generally Green v. State, 604 So.2d 471, 473 (Fla. 1992) ("Under the doctrine of ejusdem generis, where an enumeration of specific things is followed by some more general word, the general word will usually be construed to refer to things of the same kind or species as those specifically enumerated"). We agree with the state. Applying this general rule of construction, we are of the opinion that the two conditions challenged by appellant are sufficiently precise to "give[] a person of ordinary intelligence fair notice of what constitutes forbidden conduct." 629 So.2d at 842. We note that, although this appears to be a matter of first impression in Florida, other states that have addressed the issue have held that substantively indistinguishable conditions are not unconstitutionally vague. See, e.g., People v. Delvalle, 26 Cal.App.4th 869, 31 Cal.Rptr.2d 725, 730-31 (1994) (a condition of probation requiring the defendant to stay away from places where minor children congregate, such as elementary schools, daycare centers, and parks, did not violate the defendant's rights of free association and due process of law, and was neither overbroad nor ambiguous); State v. Riles, 135 Wash.2d 326, 957 P.2d 655, 666 (1998) (community placement conditions requiring a sex offender to have no contact with minor children, avoid places where minors congregate, and not frequent places where minors were known to congregate, were not unconstitutionally vague, and were within the trial court's authority); State v. Simonetto, 232 Wis.2d 315, 606 N.W.2d 275 (1999) (a condition of probation which prohibited the defendant, who had been convicted of possessing child pornography, from going where children may congregate was not vague or overbroad because it clearly prevented the defendant from going to places where children were likely to gather such as schools, daycare centers, and playgrounds). We, too, hold that the conditions at issue are not unconstitutionally vague. Accordingly, we affirm.
AFFIRMED.
BARFIELD, C.J. and VAN NORTWICK, J., concur.