STATE of Wisconsin EX REL. Carl KAMINSKI, Petitioner-Appellant,†

v.

David H. SCHWARZ, Administrator, Division of Hearings and Appeals, Respondent-Respondent.

Court of Appeals

*No. 99–3040. Submitted on briefs May 23, 2000.—Decided June 20, 2000.*

## 2000 WI App 159

(Also reported in 616 N.W.2d 148.)

†Petition to review granted.

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Donald T. Lang*, assistant state public defender.

On behalf of the respondent-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *William C. Wolford*, assistant attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. Carl Kaminski appeals from a judgment affirming on certiorari review the Department of Corrections' decision to revoke his probation. Kaminski argues that the department's decision to revoke his probation for failing to notify his neighbors of his convicted sex offender status was arbitrary, unreasonable and contrary to Wisconsin law. Because the revocation of Kaminski's probation may not be based on his failure to comply with a condition that is inconsistent with WIS. STAT. § 301.46,[1] we reverse the

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

judgment and remand for further proceedings consistent with this opinion.

¶ 2. In March 1996, Kaminski was convicted upon his guilty plea of one count of second-degree sexual assault of a child, contrary to WIS. STAT. § 948.02(2). The trial court imposed and stayed a ten-year sentence and placed Kaminski on ten years' probation. As a condition of his probation, the court ordered Kaminski to serve one year in the county jail. Among the other conditions of probation imposed, the court additionally directed that Kaminski have no contact with persons under the age of eighteen.

¶ 3. In April 1997, Kaminski completed the jail condition, and it is undisputed that he subsequently reported his sex offender status to local law enforcement, in compliance with the notification requirements of Wisconsin's Sex Offender Registration Law, WIS. STAT. § 301.45.

¶ 4. In December 1998, Kaminski's court-ordered conditions of probation were supplemented with additional rules imposed by his probation agent. Of these rules, Rule 16–3 provided: "You shall notify your agent of any involvement in an intimate relationship at its beginning and you shall introduce the person to your agent to disclose your past sexual offenses prior to engaging in any type of sexual activity with that person." In turn, Rule 16–25 provided: "You will notify the neighbors on each side that you are a convicted sex offender by December 24, 1998."

¶ 5. Kaminski was subsequently taken into custody for investigation of alleged violations of the conditions of his probation. The department sought revocation of Kaminski's probation based on three

18

alleged violations. The department alleged that: (1) contrary to Rule 16–3, Kaminski had sexual relations with Tamala Breidung without first informing his probation agent or introducing her to his agent; (2) Kaminski failed to notify his neighbors of his convicted sex offender status, as was required by Rule 16–25; and (3) Kaminski sexually assaulted Breidung.

¶ 6. Kaminski conceded that he had sexual relations with Breidung without first notifying his agent, but he denied that the sexual contact was nonconsensual. Kaminski also admitted that he had not notified his neighbors of his convicted sex offender status. Following a revocation hearing, the administrative law judge found that Kaminski did not sexually assault Breidung, but nevertheless concluded that Kaminski's two conceded probation violations warranted revocation of his probation. The Division of Hearings and Appeals sustained Kaminski's probation revocation. The circuit court affirmed the department's decision and this appeal followed.

## ANALYSIS

¶ 7. Kaminski argues that the department's decision to revoke his probation for failing to notify his neighbors of his convicted sex offender status was arbitrary, unreasonable and contrary to Wisconsin law. Our review is of the department's decision, not that of the circuit court. *See State ex rel. Warren v. Schwarz*, 211 Wis. 2d 710, 717, 566 N.W.2d 173 (Ct. App. 1997). Further, on certiorari, our review is limited to: "(1) whether the tribunal stayed within its jurisdiction; (2) whether it acted according to law; (3) whether its action was arbitrary, oppressive or unreasonable and represented its will, not its judgment; and (4) whether the

evidence was such that it might reasonably make the decision that it did." *Id.*

¶ 8. Kaminski contends that the probation rule mandating that he notify his neighbors of his convicted sex offender status is contrary to the registration and notification scheme set forth in WIS. STAT. §§ 301.45 and 301.46.[2] We agree. Section 301.45 requires sex offenders to register with the department, providing "their name, address, physical description, place of employment or school, and the offenses for which they were convicted." *State v. Bollig*, 2000 WI 6, ¶ 6, 232 Wis. 2d 561, 605 N.W.2d 199. In turn, § 301.46 grants access to the registration information provided under § 301.45. Section 301.46 does not, however, automatically "grant the public carte blanche access to the information." *Bollig*, 2000 WI 6 at ¶ 24.

¶ 9. Under WIS. STAT. § 301.46(2), access to a sex offender's registration information is made available to "the police chief of any community and the sheriff of any county in which the person is residing, is employed or is attending school." In addition, the department will make a reasonable attempt to notify a victim or members of a victim's family of a sex offender's registration, if such a request has been made. *See* WIS. STAT. § 301.46(3)(b). Agencies and organizations other than

---

[2] The State contends that Kaminski waived this argument by failing to raise it before the administrative agency. Generally, this court declines to consider issues raised for the first time on appeal. *See Terpstra v. Soiltest, Inc.*, 63 Wis. 2d 585, 593, 218 N.W.2d 129 (1974). Kaminski contends that this argument was made before the department. In any event, we will address the legal question of whether Rule 16–25 is contrary to the registration and notification scheme set forth in WIS. STAT. §§ 301.45 and 301.46. *See Wirth v. Ehly*, 93 Wis. 2d 433, 443–44, 287 N.W.2d 140 (1980).

law enforcement agencies may also request information from the department regarding persons registered under § 301.46(4). The statute additionally provides access to the information for the general public. Under § 301.46(5), an individual, upon request, may obtain sex offender information if the department, the police chief or sheriff determine that release of the information is necessary to protect the public and the individual. Subject to these specific requests and a number of inapplicable exceptions, the department is otherwise required to keep sex offender registration information confidential. *See* WIS. STAT. § 301.45(7)(a).[3] The *Bollig* court recognized:

> Although access is more liberal for law enforcement agencies, release of information to members of the general public requires compliance with enumerated conditions and is limited to when 'providing the information is necessary to protect the public.' [Section 301.46] does not allow for the indiscriminate publication of a sex offender's vital information.

*Id.* at ¶ 24. Thus Kaminski's probation agent was prohibited from divulging Kaminski's sex offender status to his neighbors.

¶ 10. Kaminski's probation was nevertheless revoked, in part, because he failed to notify his neigh-

---

[3] WISCONSIN STAT. § 301.45(7)(a) provides, in relevant part:

The department shall keep the information confidential except as provided in ss. 301.03(14) and 301.46, except as needed for law enforcement purposes and except to provide, in response to a request for information under s. 49.22(2m) made by the department of workforce development or a county child support agency under s. 59.53(5), the name and address of an individual registered under this section, the name and address of the individual's employer and financial information related to the individual.

bors of his convicted sex offender status. The State does not contend that Kaminski's neighbors requested the information pursuant to WIS. STAT. § 301.46(5), nor does it contend this was an instance of a law enforcement official releasing the information to protect the public. *See* WIS. STAT. § 301.46(2)(e). Rather, as a condition of his probation, Kaminski's probation agent attempted to force Kaminski to divulge his convicted sex offender status to his neighbors—information that would otherwise not have been available to them absent a request made pursuant to § 301.46.

■

¶ 11. In *Bollig*, our supreme court reviewed the legislative intent behind the sex offender registration law, noting that "the intent underlying the legislation related to community protection" and involved balancing "community protection with the offender's community re-integration needs." *Id.* at ¶ 22. The court further noted the drafting notes' suggestion of "limited access to the sex offender registry, discouraging the use of mass media releases, distribution of door-to-door fliers, or any other method of notification that may be described as intrusive." *Id.* at ¶ 25. By enacting WIS. STAT. § 301.46, the legislature provided limitations on access to sex offender registration information. We conclude that Kaminski's probation agent may not circumvent these statutory limitations by forcing Kaminski, as a condition of his probation and absent any request by his neighbors, to divulge his convicted sex offender status. Under these facts, conditioning Kaminski's probation on a requirement that he notify his neighbors of his convicted sex offender status is contrary to § 301.46 and, thus, should not have been used as a basis for revoking his probation.

¶ 12. Despite our determination that Kaminski's probation revocation should not have been based on his failure to notify his neighbors of his sex offender status, Kaminski concedes that he violated probation Rule 16–3 by failing to notify his probation agent about his intimate relationship with Breidung. We therefore reverse the judgment denying certiorari relief and remand the matter to the department to determine whether the single remaining violation is sufficient to warrant revocation. *See Snajder v. State*, 74 Wis. 2d 303, 316, 246 N.W.2d 665 (1976).

*By the Court.*—Judgment reversed and cause remanded with directions.

¶ 13. HOOVER, P.J. *(dissenting)*. The majority concludes that Kaminski's probation was improperly revoked because the violated condition of probation, that Kaminski personally disclose his sex offender status to the neighbors on each side of his trailer, was contrary to the sex offender registration and notification statutes (registration law).[1] I disagree and therefore respectfully dissent.

¶ 14. The majority recognizes that the registration law is essentially a public protection enactment that takes into account the offender's community reintegration needs. With respect to the latter, the legislation was designed to spare offenders intrusive notification methods concerning what is, after all, a matter of public record. *See State v. Bollig*, 2000 WI 6, ¶ 6, 232 Wis. 2d 561, 568, 605 N.W.2d 199. The *Bollig* decision's reference to a legislative drafting note

---

[1] *See* WIS. STAT. §§ 301.45, 301.46. All statutory references are to the 1997–98 version.

informs on the nature of what constitutes "intrusive" notification methods: "limited access to the sex offender registry, discouraging the use of mass media releases, distribution of door-to-door fliers . . . ." *Id.* at ¶ 22 (quoting DOC, *Sex Offender Community Notification* ii (1994)). The condition of probation at issue here is substantially less intrusive than the examples cited. Rather, it is at the opposite end of the spectrum, being extremely narrow, specific, and certainly reasonably related to the registration law's purpose of protecting the public.

¶ 15. I perceive that the registration law does not foreclose balancing the probation condition's minimal intrusiveness against its efficacy for protecting that segment of the public most immediately exposed to Kaminski, and that the balance overwhelmingly favors the condition.

¶ 16. ' The majority's decision is driven by its legitimate concern that requiring Kaminski to do what under the registration law the probation agent could not, circumvents WIS. STAT. §§ 301.45 and 301.46. I would approach the question differently. In my view, while the probation officer's activities may be restrained by the registration law,[2] what is at issue in this case is the law applicable to Kaminski, and not his agent. The probation agent is not on probation, Kaminski is, and he is therefore subject to the laws affecting that status. Moreover, as the State asserts, there is nothing in the registration law's history or express language to indicate a legislative intent to limit the authority to impose conditions of probation that are

---

[2] WISCONSIN STAT. 301.45(7) provides: "The department shall keep the information confidential . . . ."

24

otherwise reasonable and appropriate.[3] I would hold that the existence of the registration law, its effect on the Department of Corrections notwithstanding, does not affect the department's authority to impose reasonable and appropriate conditions of probation under its general supervisory authority.[4]

¶ 17. The law concerning probation to which Kaminski is subject, shares with the registration law the goal of protecting the public as well as the purpose of rehabilitating Kaminski.[5] Conditions that address these goals are reasonable and appropriate. *See State v. Oakley*, 2000 WI 37, ¶ 8, 234 Wis. 2d 528, 609 N.W.2d 786.[6] Again, I would hold that the neighbor notification condition would promote these goals. Obviously it would alert Kaminski's neighbors of the advisability to

---

[3] The State further correctly observes: "Certainly there is no provision in Wis. Stat. §§ 301.45 and 301.46 which indicates that these statutes were to provide the exclusive method by which members of the public were to be able to obtain information about sex offenders living in their neighborhood."

[4] WISCONSIN STAT. § 301.63(3) authorizes the department to administer probation. WISCONSIN STAT. § 973.09 provides that a person is placed "on probation to the Department."

[5] "The conditions of probation are supposed to be tailored to serve the dual purposes of probation, *i.e.*, to protect the public from criminal conduct and to help the probationer become a useful member of society." *Wagner v. State*, 89 Wis. 2d 70, 77, 277 N.W.2d 849 (1979).

[6] Conditions that aid in rehabilitation include those that prevent probationer from getting into situations that may lead to further criminal conduct or that force the offender to be honest with others by confronting and admitting sexually deviant behavior, thereby preventing relapse. *See State v. Simonetto*, 2000 WI App 17, ¶¶ 6–7, 232 Wis. 2d 315, 606 N.W.2d 275; *Krebs v. Schwarz*, 212 Wis. 2d 127, 131, 568 N.W.2d 26 (Ct. App. 1997).

25

exercise special vigilance. Moreover, as in *Krebs v. Schwarz*, 212 Wis. 2d 127, 131, 568 N.W.2d 26 (Ct. App. 1997), it is necessary to help prevent a relapse in his criminal behavior by compelling Kaminski to deal honestly and openly with his neighbors regarding that behavior.

¶ 18. Finally, I agree with the State that Kaminski waived his principal appellate issue. The trial court was never given the opportunity to address the effect of the registration law on the department's authority to impose reasonable and appropriate probation conditions. Therefore, there is no trial court error to review. While an appellate court may, in a proper case, consider new issues for the first time on appeal, *see State ex rel. GMC v. City of Oak Creek*, 49 Wis. 2d 299, 319, 182 N.W.2d 481 (1971), generally, the province of this court is to correct trial court errors. *See Hillman v. Columbia Co.*, 164 Wis. 2d 376, 396, 474 N.W.2d 913 (Ct. App. 1991). Furthermore, we were denied the benefit of the circuit court's analysis. *See Terpstra v. Soiltest, Inc.*, 63 Wis. 2d 585, 593, 218 N.W.2d 129 (1974).

¶ 19. For the foregoing reasons, I would affirm the circuit court.